**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **MILKMEN DESIGN, LLC,** | |
| Plaintiff, | **CASE NO.: 5:23-cv-00153** |
| -vs- | **JUDGE_____** |
| **DGL GROUP LTD,** | **JURY TRIAL DEMANDED** |
| and | |
| **FIVE BELOW, INC.,** | |
| and | |
| **1616 HOLDINGS, INC.,** | |
| Defendants. | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

For its complaint against Defendants DGL Group LTD ("DGL") Five Below, Inc. ("Five Below") and 1616 Holdings, Inc. ("1616 Holdings") (jointly, "Defendants"), Plaintiff Milkmen Design, LLC ("Milkmen") alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.        This is an action for patent infringement under the patent laws of the United States, Title 35 United States Code, to prevent and enjoin Defendants from infringing and profiting, in an illegal and unauthorized manner, from U.S. Design Patent No. D899,196 S ("the '896 Patent"), which is attached as **Exhibit A** and incorporated by reference, U.S. Utility Patent No. 10,967,776 ("the '776 Patent"),

which is attached as **Exhibit B** and incorporated by reference, U.S. Design Patent No. D960,653 S ("the '653 Patent"), which is attached as **Exhibit C** and incorporated by reference, and U.S. Design Patent D960,654 S ("the '654 Patent"), which is attached as **Exhibit D** and incorporated by reference (collectively the "Patents" or the "Patents-in-Suit") and to recover damages, attorney's fees, and costs pursuant to 35 U.S.C. §271.

## THE PARTIES

2.      Milkmen is a limited liability company organized and existing under the laws of the state of Ohio with its principal place business at 13694 York Road, North Royalton, Ohio.

3.      DGL is a foreign for profit limited company organized and existing under the laws of New York, with its principal place of business at 195 Raritan Center Parkway, Edison, New Jersey 08837. Upon information and belief, and the New York Secretary of State website, DGL may be served with process c/o the New York Secretary of State as its Agent, at One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231.

4.      1616 Holdings is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 701 Market Street, Philadelphia, Pennsylvania and is a wholly-owned subsidiary of Five Below. Upon information and belief, and the Pennsylvania Secretary of State website, 1616 Holdings may be served with process c/o its registered address at 701 Market Street, Philadelphia, Pennsylvania 19106.

5.    Five Below is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 1616 Walnut Street, Suite 400, Philadelphia, Pennsylvania and authorized to do business in the state of Ohio. Five Below's agent for service of process in the state of Ohio is Corporation Service Company, 3366 Riverside Drive, Upper Arlington, Ohio 43231.

## JURISDICTION AND VENUE

6.    This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

7.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 1338(a).

8.    The Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction and the injury to Milkmen in this District, the cause of action having arisen in this District.

9.    Upon information and belief, Defendants are subject to the Court's specific and general personal jurisdiction consistent with due process because of their substantial business in this forum, including (i) at least a portion of the infringement alleged occurred in this district;   (ii) regularly doing or soliciting business and deriving substantial revenue from goods sold in this state and in this District; and (iii) has made, used, sold, offered for sale, and/or imported their infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be used, distributed, sold and/or offered for sale within this state and in this District.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because DGL is importing, selling and offering their infringing product in this judicial district.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Five Below has a regular and established place of business in this District. Upon information and belief, Five Below is registered to conduct business in this state, operates more than 20 stores in this state, and operates at least 14 stores in this district.

## FACTUAL ALLEGATIONS

12.     On October 20, 2020, the United States Patent and Trademark Office (the "USPTO") duly issued the '196 Patent, entitled "CONDIMENT HOLDER," after a full and fair examination.

13.     On April 6, 2021, the USPTO duly issued the '776 Patent, entitled "CONDIMENT HOLDER," after a full and fair examination.

14.     On April 16, 2022, the USPTO duly issued the '653 Patent, entitled "CONDIMENT HOLDER," after a full and fair examination.

15.     On April 16, 2022, the USPTO duly issued the '654 Patent, entitled "CONDIMENT HOLDER," after a full and fair examination.

16.     Milkmen is presently the owner of the Patents-in-Suit, having received all right, title and interest in the Patents-in-Suit.

17.     The '196 Patent, '653 Patent, and the '654 Patent disclose and claim the non-functional ornamental design for a condiment holder.

4

18.   The '776 Patent discloses a condiment holder for supporting a condiment container and a method for using the same.

19.   To the extent required, Milkmen has complied with all marking requirements under 35 U.S.C. §287.

20.   Defendants have commercialized a condiment holder which incorporates the design, structure and function of the Patents-in-Suit.

21.   Upon information and belief, DGL designs, manufactures, sells and distributes a condiment holder which incorporates the design, structure and function of the Patents-in-Suit.

22.   Five Below offers for sale, sells and distributes the same condiment holder which incorporates the design, structure and function of the Patents-in-Suit. The infringing condiment holder will be referred to as the "Accused Product."

23.   Milkmen has advised Defendants of the Patents-in-Suit and advised that the condiment holder which Defendants have commercialized infringes the Patents-in-Suit.

24.   Upon information and belief, since being advised of the Patents-in-Suit, Defendants have refused to change the design of the Accused Product, and have refused to discontinue sales of the Accused Product.

25.    The following is a depiction of the Accused Product.

This product was purchased at a retail store operated by Five Below.



26.    A side by side comparison of the Milkmen condiment holder and the Accused Product confirms that the Accused Product incorporates the design, structure and function of the Patents-in-Suit. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the two designs are substantially the same, and the resemblance is such as to deceive such an observer, inducing the purchase of the Accused Product supposing it to be the Milkmen condiment holder.

27.    The depiction below is a side by side comparison of the Milkmen condiment holder and the Accused Product sold at Five Below.



## COUNT I

28.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

29.     Upon information and belief, DGL has made and continues to make the Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

30.     DGL has sold the Accused Product that enables the performance of at

least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

31.     DGL has offered for sale the Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

32.     Upon information and belief, DGL has imported for sale the Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

33.     Upon information and belief, DGL has had knowledge of the '776 Patent at least as of January 13, 2021, if not earlier, by way of direct correspondence between representatives of Milkmen and DGL.

34.     DGL has directly infringed and continues to directly infringe, literally or by way of the doctrine of equivalents, at least one of the independent claims of the '776 Patent and will continue to do so unless enjoined by this Court.

35.     DGL has committed these acts of infringement without license or authorization from Milkmen.

36.     As a direct and proximate result of DGL's direct infringement of the '776 Patent, Milkmen has been and continues to be damaged.

37.     As a direct and proximate result of DGL's direct infringement of the '776 Patent, Milkmen has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Milkmen for DGL's past and continuing infringement of the '776 Patent.

## COUNT II

38.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

39.     Upon information and belief, DGL has had knowledge of the '776 Patent at least as of September 2021, if not earlier, by way of direct correspondence between representatives of Milkmen and DGL.

40.     DGL has induced others to infringe the '776 Patent, literally or by the doctrine of equivalents, by offering, making and selling condiment holders for use in a manner that infringes at least one independent claim of the '776 Patent.

41.     DGL will continue to induce infringement of the '776 Patent unless enjoined by the Court.

42.     As a direct and proximate result of DGL's induced infringement of the '776 Patent, Milkmen has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Milkmen for DGL's past and continuing induced infringement of the '776 Patent.

## COUNT III

43.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

44.     Five Below has offered for sale and sold and continues to offer for sale and sells the Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

45.     Upon information and belief, Five Below has imported for sale the

9

Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

46.     Five Below has infringed and continues to infringe at least one independent claim of the '776 Patent and will continue to do so unless enjoined by this Court.

47.     Five Below has committed these acts of infringement without license or authorization from Milkmen.

48.     As a direct and proximate result of Five Below's infringement of at least one independent claim of the '776 Patent, Milkmen has been and continues to be damaged.

49.     As a direct and proximate result of Five Below's direct infringement of the '776 Patent, Milkmen has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Milkmen for DGL's past and continuing infringement of the '776 Patent.

## COUNT IV

50.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

51.     1616 Holdings has offered for sale and sold and continues to offer for sale and sells the Accused Product that enables the performance of at least one independent claim of the '776 Patent in violation of 35 U.S.C. §271.

52.     Upon information and belief, 1616 Holdings has imported for sale the Accused Product that enables the performance of at least one independent claim of

the '776 Patent in violation of 35 U.S.C. §271.

53.     1616 Holdings has infringed and continues to infringe at least one independent claim of the '776 Patent and will continue to do so unless enjoined by this Court.

54.     1616 Holdings has committed these acts of infringement without license or authorization from Milkmen.

55.     As a direct and proximate result of 1616 Holdings' infringement of at least one independent claim of the '776 Patent, Milkmen has been and continues to be damaged.

56.     As a direct and proximate result of 1616 Holdings' direct infringement of the '776 Patent, Milkmen has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Milkmen for DGL's past and continuing infringement of the '776 Patent.

## <u>COUNT V</u>

57.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

58.     Upon information and belief, 1616 Holdings has had knowledge of the '776 Patent at least as of September 2021, if not earlier, by way of direct correspondence between representatives of Milkmen and 1616 Holdings.

59.     1616 Holdings has induced others to infringe the '776 Patent, literally or by the doctrine of equivalents, by offering, making and selling condiment holders for use in a manner that infringes at least one independent claim of the '776 Patent.

60.     1616 Holdings will continue to induce infringement of the '776 Patent unless enjoined by the Court.

61.     As a direct and proximate result of 1616 Holdings' induced infringement of the '776 Patent, Milkmen has suffered monetary damages and is entitled to a monetary award of damages in an amount adequate to compensate Milkmen for DGL's past and continuing induced infringement of the '776 Patent.

## COUNT VI

62.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.     The '196 Patent claims a design for a condiment holder.

64.     As demonstrated in the depictions above, the Accused Product infringes the '196 Patent.

65.     The Accused Product appropriates the design for a condiment holder as shown and described in the '196 Patent.

66.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '196 Patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be the design claimed in the '196 Patent.

67.     On information and belief, DGL, without authority, has directly infringed and continues to directly infringe the '196 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or

using within the United States at least the Accused Product.

68.     As a direct and proximate result of infringement of the '196 Patent, Milkmen has suffered and will continue to suffer damages.

69.     Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT VII

70.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     The '196 Patent claims a design for a condiment holder.

72.     As demonstrated in the depictions above, the Accused Product infringes the '196 Patent.

73.     The Accused Product appropriates the design for a condiment holder as shown and described in the '196 Patent.

74.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '196 Patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be the design claimed in the '196 Patent.

75.     On information and belief, Five Below, without authority, has infringed and continues to infringe the '196 Patent, under 35 U.S.C. § 271(a), at least by

importing, distributing, selling, offering for sale, and/or using within the United States at least the Accused Product.

76.     As a direct and proximate result of infringement of the '196 Patent, Milkmen has suffered and will continue to suffer damages.

77.     Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT VIII

78.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

79.     The '196 Patent claims a design for a condiment holder.

80.     As demonstrated in the depictions above, the accused product infringes the '196 Patent.

81.     The accused product appropriates the design for a condiment holder as shown and described in the '196 Patent.

82.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '196 Patent and the accused product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused product supposing it to be the design claimed in the '196 Patent.

14

83.     On information and belief, 1616 Holdings, without authority, has directly infringed and continues to directly infringe the '196 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the accused product.

84.     As a direct and proximate result of infringement of the '196 Patent, Milkmen has suffered and will continue to suffer damages.

85.     Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT IX

86.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

87.     The '653 Patent claim a design for a condiment holder.

88.     As demonstrated in the depictions above, the Accused Product infringes the '653 Patent.

89.     The Accused Product appropriates the design for a condiment holder as shown and described in the '653 Patent.

90.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '653 Patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an Accused

15

Product supposing it to be the design claimed in the '653 Patent.

91.     On information and belief, DGL, without authority, has directly infringed and continues to directly infringe the '653 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the Accused Product.

92.     As a direct and proximate result of infringement of the '653 Patent, Milkmen has suffered and will continue to suffer damages.

93.     Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

<u>**COUNT X**</u>

94.     Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

95.     The '653 Patent claims a design for a condiment holder.

96.     As demonstrated in the depictions above, the Accused Product infringes the '653 Patent.

97.     The Accused Product appropriates the design for a condiment holder as shown and described in the '653 Patent.

98.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '653 Patent and the Accused Product are substantially the same, with resemblance such

16

as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be the design claimed in the '653 Patent.

99.    On information and belief, Five Below, without authority, has infringed and continues to infringe the '653 Patent, under 35 U.S.C. § 271(a), at least by importing, distributing, selling, offering for sale, and/or using within the United States at least the Accused Product.

100.    As a direct and proximate result of infringement of the '653 Patent, Milkmen has suffered and will continue to suffer damages.

101.    Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT XI

102.    Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

103.    The '653 Patent claim a design for a condiment holder.

104.    As demonstrated in the depictions above, the accused product infringes the '653 Patent.

105.    The accused product appropriates the design for a condiment holder as shown and described in the '653 Patent.

106.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed

in the '653 Patent and the accused product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused product supposing it to be the design claimed in the '653 Patent.

107.  On information and belief, 1616 Holdings, without authority, has directly infringed and continues to directly infringe the '653 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the accused product.

108.  As a direct and proximate result of infringement of the '653 Patent, Milkmen has suffered and will continue to suffer damages.

109.  Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT XII

110.  Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

111.  The '654 Patent claims a design for a condiment holder.

112.  As demonstrated in the depictions above, the Accused Product infringes the '654 Patent.

113.  The Accused Product appropriates the design for a condiment holder as shown and described in the '654 Patent.

114.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '654 Patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be the design claimed in the '654 Patent.

115.    On information and belief, DGL, without authority, has directly infringed and continues to directly infringe the '654 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the Accused Product.

116.    As a direct and proximate result of infringement of the '654 Patent, Milkmen has suffered and will continue to suffer damages.

117.    Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT XIII

118.    Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

119.    The '654 Patent claims a design for a condiment holder.

120.    As demonstrated in the depictions above, the Accused Product infringes the '654 Patent.

121.    The Accused Product appropriates the design for a condiment holder as

shown and described in the '654 Patent.

122.    In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '654 Patent and the Accused Product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be the design claimed in the '654 Patent.

123.    On information and belief, Five Below, without authority, has infringed and continues to infringe the '654 Patent, under 35 U.S.C. § 271(a), at least by importing, distributing, selling, offering for sale, and/or using within the United States at least the Accused Product.

124.    As a direct and proximate result of infringement of the '654 Patent, Milkmen has suffered and will continue to suffer damages.

125.    Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## COUNT XIV

126.    Milkmen incorporates by reference each and every allegation set forth in the preceding paragraphs.

127.    The '654 Patent claims a design for a condiment holder.

128.    As demonstrated in the depictions above, the accused product infringes the '654 Patent.

20

129. The accused product appropriates the design for a condiment holder as shown and described in the '654 Patent.

130. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional design for a condiment holder claimed in the '654 Patent and the accused product are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused product supposing it to be the design claimed in the '654 Patent.

131. On information and belief, 1616 Holdings, without authority, has directly infringed and continues to directly infringe the '654 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the accused product.

132. As a direct and proximate result of infringement of the '654 Patent, Milkmen has suffered and will continue to suffer damages.

133. Milkmen is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

## **DEMAND FOR JURY TRIAL**

134. Plaintiff demands a trial by jury of any and all causes of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief.

a.    That Defendants be adjudged to have directly infringed the '776 Patent either literally or under the doctrine of equivalents;

b.    That Defendants be adjudged to have directly infringed the '196 Patent either literally or under the doctrine of equivalents;

c.    The Defendants be adjudged to have directly infringed the '653 Patent either literally or under the doctrine of equivalents;

d.    The Defendants be adjudged to have directly infringed the '654 Patent either literally or under the doctrine of equivalents;

e.    That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, braches, partners, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patents-in-Suit;

f.    An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

g.    An award of damages pursuant to 35 U.C.C. §284 sufficient to compensate Milkmen for the Defendants' past infringement, including compensatory damages;

h.    An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

i.    An award of damages pursuant to 35 U.S.C. §289 sufficient to compensate Milkmen for the Defendants' past infringement, equal to Defendant's

total profit, but not less than $250;

     j.     That Defendants be directed to pay enhanced damages, including Milkmen's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

     k.     That Milkmen be granted such other and further relief as this Court may deem just and proper.

Dated: January 25, 2023          Respectfully submitted,

                            SAND, SEBOLT & WERNOW CO., LPA

                            */s/ Howard L. Wernow*
                            Howard L. Wernow (0089019)
                            James F. McCarthy, III (0002245)
                            Aegis Tower – Suite 1100
                            4940 Munson Street NW
                            Canton, Ohio 44718
                            Telephone: 330-244-1174
                            Facsimile: 330-244-1173
                            Email: Howard.Wernow@sswip.com
                            Email: James.McCarthy@sswip.com

                            *Counsel for Plaintiff Milkmen Design, LLC*

23